**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CHARLES KENNETH HARRELL, JR.                                                                    PLAINTIFF
*AKA Clark Jr.*

V.                                               3:13CV00245 HDY

MISSISSIPPI COUNTY *et al*.                                                                          DEFENDANTS

**ORDER**

Plaintiff Charles Kenneth Harrell, Jr., who is currently held at the Mississippi County Detention Facility, filed a *pro se* complaint on November 18, 2013. On February 24, 2014, Defendant Mississippi County filed a motion to dismiss, along with a brief in support (docket entries #18 & #19). Plaintiff has filed responses (docket entries #21 & #26).

**I. Standard of review**

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized

that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

Plaintiff asserts in his complaint that he was physically abused when his hands were handcuffed behind his back and shackled to his feet for six and a half hours. Plaintiff claims he was denied adequate medical care for his injuries after the event, was denied a shower for four days, and that his legal paperwork was destroyed.

Mississippi County argues that Plaintiff has failed to allege that any of the challenged actions were taken pursuant to an official custom or policy, and that his claims against the county should therefore be dismissed. A local government may not be sued under section 1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). In order to establish Mississippi County's liability, Plaintiff must prove a policy, practice, or custom, attributable to the county, and show that the policy, practice, or custom, directly caused a constitutional injury. *See Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1094 (8th Cir. 2004). Because Plaintiff failed to allege that the actions described in his complaint were taken pursuant to a policy, practice, or custom, of Mississippi County, his claims against the county must be dismissed.

## III. Conclusion

IT IS THEREFORE ORDERED THAT the motion to dismiss filed by Defendant Mississippi County (docket entry #18) is GRANTED, Plaintiff's claims against Mississippi County are

DISMISSED WITH PREJUDICE, and Mississippi County is removed as a party Defendant.

DATED this __14__ day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE